**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ROBERT T. HOOK, ) | CASE NO.  1:09-cv-1982 |
| )  | |
|     Plaintiff, ) | |
| ) | JUDGE WELLS |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | MAGISTRATE JUDGE VECCHIARELLI |
|    Commissioner of Social Security, ) | |
| ) | |
| ) | **REPORT & RECOMMENDATION** |
|     Defendant. ) | |
| ) | |

    This case is before the magistrate judge on referral.  Plaintiff, Robert T. Hook ("Hook"), challenges the final decision of the Commissioner of Social Security ("Commissioner"), denying Hook's applications for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 416 (i), and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 423 and 42 U.S.C. § 1381(a).  This court has jurisdiction pursuant to 42 U.S.C. § 405(g).

    For the reasons set forth below, the decision of the Commissioner should be REVERSED and the case REMANDED for further proceedings.

**I. Procedural History**

Hook filed his applications for DIB and SSI on October 15, 2005 alleging disability beginning January 4, 2004. His applications were denied initially and upon reconsideration. Hook timely requested an administrative hearing.

Administrative Law Judge ("ALJ"), John L. Shailer, held a hearing on November 18, 2008, at which Hook, who was represented by counsel, Ronald E. Kendrick, M.D. medical expert ("ME"), and Richard P. Oestreich, Ph.D. vocational expert ("VE") testified. The ALJ issued a decision on December 30, 2008, in which he determined that Hook was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied further review. Hook filed an appeal to this Court.

On appeal, Hook claims the ALJ erred by: (1) finding that Hook is capable of performing a full range of sedentary work; (2) finding substantial evidence exists that Hook is capable of performing jobs that exist in significant numbers in the economy; and (3) failing to properly assess the opinions of the treating physician and medical expert. The Commissioner disputes these claims.

**II. Evidence**

**A. Personal and Vocational Evidence**

Hook was born on October 21, 1964. (Transcript ("Tr.") 40). He was 44 years old at the time of the hearing. (Tr. 280). Hook has a GED, and his past relevant work includes fast food worker, newspaper carrier, gas station attendant, loader, and security guard. (Tr. 280, 24).

**B. Medical Evidence**[1]

On August 7, 2008, Dr. Christopher Sears, Hook's treating physician submitted a medical source statement wherein he opined that Hook could (1) stand/walk for 15 to 30 minutes continuously for a total of two to four hours in an eight hour workday; (2) sit for 60 minutes continuously for a total of four to six hours in an eight hour workday; (3) lift and carry 20 pounds frequently and occasionally; (4) occasionally stoop, handle, reach, twist, climb, walk on uneven ground, work around hazardous machinery, and operate motor vehicles: and (5) frequently finger, handle, operate hand and foot controls, tolerate heat, cold, dust, smoke, and fumes. Dr. Sears further opined that Hook had moderate to severe pain resulting from lumbar disc degeneration. (Tr. 260-261).

On November 18, 2008, Dr. Kendrick, completed a form entitled medical expert testimony wherein he opined, among other things, that Hook was limited to frequent reaching. (Tr. 262). At the hearing Dr. Kendrick testified that Hook could: (1) lift ten pounds frequently and five pounds occasionally; (2) sit for 45 minutes at a time for a total of six hour a day; (3) stand or walk for 30 minutes at a time for a total of two hours in a day; (4) bend, kneel, crawl and stoop occasionally; and (5) never use ladders, work in high place or around dangerous moving machinery. Dr. Kendrick further testified that Hook's use of his upper extremities is unimpaired. (Tr. 298).

**C. Hearing Testimony**

The ALJ asked the VE to consider an individual with the same vocational profile

---

[1]Neither Hook nor the Commissioner includes a recitation of the underlying medical evidence in this case. Accordingly the Court's review of the medical evidence is limited to the medical opinions at issue in this appeal.

as Hook and the same residual functional capacity ("RFC") as set forth by Dr. Kendrick. (Tr. 302). The VE testified that such an individual could not perform any of Hook's past relevant work; however, such an individual could perform a full range of sedentary unskilled work. (Tr. 302-304).

## III. Standard for Disability

A claimant is entitled to receive benefits under the Act when he establishes disability within the meaning of the Act. 20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524 (6th Cir. 1981). A claimant is considered disabled when he cannot perform "substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). To receive SSI benefits, a recipient must also meet certain income and resource limitations. 20 C.F.R. § 416.1100 and 20 C.F.R. § 416.1201.

The Commissioner reaches a determination as to whether a claimant is disabled by way of a five-stage process. First, the claimant must demonstrate that he is not currently engaged in "substantial gainful activity" at the time he seeks disability benefits. Second, the claimant must show that he suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. § 404.1520(d) and 20 C.F.R. §416.920(d). Fourth, if the claimant's impairment does not prevent him from doing his past

4

relevant work, the claimant is not disabled. For the fifth and final step, even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

### IV. Summary of Commissioner's Decision

The ALJ made the following findings:

> 1. The claimant met the insured status requirements of the Social Security Act through December 31, 2007.
>
> 2. The claimant has not engaged in substantial gainful activity since January 4, 2004, the alleged onset date....
>
> 3. The claimant has the following severe impairments: cervical spondylosis, lumbar disk protrusion at L4-5 and type 2 diabetes mellitus, non-insulin dependent....
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1....
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift/carry 10 pounds occasionally and five pounds frequently; stand/walk for 30 minutes at a time for a total of two hours in and eight-hour workday; sit for 45 minutes at a time for a total of six hours in an eight-hour workday; can occasionally bend, stoop, crawl, and kneel but is unable to climb ladders, work at unprotected heights, and work around hazardous machinery. Consequently the claimant is able to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).
>
> 6. The claimant is unable to perform any past relevant work....
>
> 7. The claimant was born on October 21, 1964 and was 39 years old, which is defined as a younger individual age 18-44, on the alleged onset date.
>
> 8. The claimant has at least a high school education and is able to communicate in English...

5

> 9. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills....
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform....
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from January 4, 2004 through the date of this decision....

(Tr.19-21, 23-25).

## V. Standard of Review

This Court's review is limited to determining whether there is substantial evidence in the record to support the administrative law judge's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v. Perales*, 402 U.S. 389 (1971).

## VI. Analysis

Hook alleges the ALJ erred by: (1) finding that Hook is capable of performing a full range of sedentary work; (2) finding substantial evidence exists that Hook is capable of performing jobs that exist in significant numbers in the economy; and (3) failing to

6

properly assess the opinions of the treating physician and medical expert.  The Commissioner disputes these claims.

### A. The ALJ's Step Five Analysis

At Step Five of the sequential analysis, the Commissioner bears the burden of establishing that given claimants age, education, work experience, impairments and limitations, there exists work in the national economy that the claimant can perform. *Moon v. Sullivan,* 923 F.2d 1175, 1181 (6th Cir. 1990).  The Medical-Vocational Guidelines, commonly referred to as the "grids", provide one method by which the Commissioner can meet his burden.  *Id.* at 1181.  Pursuant thereto, when a claimant's characteristics coincide with the elements of the grid, the grids can be used in lieu of expert testimony to direct a finding.  *Siterlet v. Secretary of Health and Human Servs.,* 823 F. 2d 918, 922 (6th Cir. 1987).  (expert testimony not necessary to show a significant number of jobs in national economy because grids take the number of jobs into account).  However, reliance on the grids to direct a finding is only proper when the claimant meets all the vocational characteristics.  *Kirk v. Secretary of Health and Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).

In the instant case, the ALJ found that:

> [b]ased on a residual functional capacity for the full range of sedentary work, considering the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 201.28

(Tr. 24).  Hook argues that the ALJ erred in finding him capable of performing a full range of sedentary work because sedentary work requires the ability to sit continuously for two hours.  Accordingly, Hook argues that the grids do not apply.  Hook is correct.

An individual is capable of performing a full range of work when he can perform all, or substantially all of the primary strength activities required at a particular exertional level. Substantially all means "essentially all" as opposed to "in the main" or "for the most part". SSR 83-11, 1983 WL 31252*2.

SSR 96-9P, 1996 WL 374185 *3 provides:

> The ability to perform a full range of sedentary work requires the ability to lift no more than 10 pounds at time and occasionally to lift or carry articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of standing is often necessary in carrying our job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met....

The regulation further provides:

> In order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2 hour intervals.

*Id.* at *6. *See also*, *Howse v. Heckler*, 782 F.2d 626 (6th Cir. 1986) (claimant who can sit for no more than one hour at a time incapable of performing sedentary work); *Wages v. Secretary of Health & Human Services*, 755 F. 2d 495 (6th Cir. 1985) (claimant who is prevented from sitting or standing for prolonged periods incapable of sedentary work); *Shiner v. Heckler*, 608 F. Supp. 481, 484 (D. Mass. 1985) (to perform sedentary work claimant must be able to sit for most of the day with occasional interruptions of short duration); *Ellis v. Barnhart*, 392 F. 3d 988, 997 (8th Cir. 2005) (if claimant could sit for no more than one hour at a time, then ALJ should have sought opinion of vocational expert).

In the instant case, the ALJ determined that Hook could sit for only 45 minutes at

8

a time. Accordingly, his finding that Hook could perform a full range of sedentary work is erroneous, as is his reliance on the grids to direct a finding of not disabled.

The Commissioner has not cited any authority that would support a finding that an individual limited to 45 minutes of continuous sitting is capable of a full range of sedentary work. Instead, the Commissioner suggests that the ALJ's finding is supported by substantial evidence because the VE testified that Hook was capable of a full range of sedentary work. That the VE said it, does not make it so. The law requires the ability to sit for two hours at a time, and Hook is not able to do so.

The Commissioner further argues that, even if the ALJ erred in applying the grids, his decision is nevertheless supported by substantial evidence because the VE testified that significant jobs in the national economy exist that Hook can perform. While this may be true, the ALJ did not rely on this evidence in reaching his decision. Accordingly, the VE's testimony cannot constitute substantial evidence. *See National Labor Relations Board v. Kentucky River Community Care, Inc.*, 532 U.S. 706, 715 n.1 (2001) (counsel's *post hoc* rationalizations are not substituted for the reasons supplied by the administration); *Securities and Exchange Comm'n v. Federal Water & Gas Corp.*, 332 U.S. 194, 196 (1947) ("a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency."); *Municipal Resale Serv. Customers v. Federal Energy Regulatory Comm'n*, 43 F.3d 1046, 1052 (6th Cir. 1995) (same); *Amoco Prod. Co. v. National Labor Relations Bd.*, 613 F.2d 107, 111 (5th Cir. 1980) (same and citing cases); *Sparks v. Bowen*, 807 F.2d 616, 617 (7th Cir. 1986) (in social security review, court must evaluate the reasons set forth by the ALJ); *Sarchet v.*

9

*Chater*, 78 F.3d 305, 307 (7th Cir. 1996) ("we cannot uphold a decision by an administrative agency . . . if, while there is enough evidence in the record to support the decision, the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.").

### B. The Vocational Expert's Testimony

Hook argues that the vocational expert's testimony could not constitute substantial evidence that there exist substantial jobs in the national economy that Hook can perform because: (1) one of the three jobs identified by the VE does not exist; (2) one of the three jobs identified by the VE is rated semi-skilled medium, rather than unskilled sedentary; and (3) the VE did not explain the conflict between his testimony and the Dictionary of Occupational Titles ("DOT").  Because the ALJ did not rely on the VE's testimony in reaching his decision, it is not necessary to decide this issue. However, this issue should be reviewed and addressed on remand.

### C. The Medical Opinions

Hook argues that the ALJ erred by failing to explain why he rejected Dr. Sears's and Dr. Kendrick's opinions regarding Hook's ability to reach, and further failed to address the conflict between Dr. Kendrick's written opinion and his testimony.  Hook further argues that the ALJ erred in finding that Dr. Kendrick's opinion is consistent with and corroborated by Dr. Sears's opinion.  Without deciding this issue, the Court notes that there does appear to be a conflict between Dr. Kendrick's written opinion and his testimony.  Further, it appears that Dr. Sears's opinion is not consistent with Dr. Kendrick's opinion.  Accordingly, this issue should be reviewed and addressed on remand.

10

## VII. Decision

For the foregoing reasons, the decision of the Commissioner should be REVERSED and the case REMANDED for further proceedings.


Date: July 9, 2010             <u>s/ Nancy A. Vecchiarelli</u>
                                              U.S. Magistrate Judge

## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See United States v. Walters, 638 F.2d 947 (6th Cir. 1981). See also Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111.**